No. 22-30539

# In the United States Court of Appeals for the Fifth Circuit

In the Matter of Roman Catholic Church of the Archdiocese of New Orleans,

*Debtor,*

James Adams; Jackie Berthelot; Theodore Jackson; Eric Johnson,

*Appellants,*

v.

Roman Catholic Church of the Archdiocese of New Orleans,

*Appellee.*

On Appeal from the U.S. District Court for the Eastern District of Louisiana
Civil Action No. 22-1738, Section "T"(3)

**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL**

R. Patrick Vance (#13008)
Mark A. Mintz (#31878)
Samantha A. Oppenheim (#38364)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:  504-582-8368
Facsimile:   504-589-8368
Email:  pvance@joneswalker.com
        mmintz@joneswalker.com
        soppenheim@joneswalker.com

**Counsel for Appellee,
The Roman Catholic Church
of the Archdiocese of New Orleans**

#100699334v3

The Roman Catholic Church of the Archdiocese of New Orleans (the "**Archdiocese**," "**Debtor**," or "**Appellee**"), through undersigned counsel, submits this Reply in further support of its *Motion to Dismiss Appeal* (the "**Motion to Dismiss**" or "**Motion**")[1] and in response to the *Opposition to Motion to Dismiss Appeal* (the "**Opposition**"), filed by James Adams, Jackie Berthelot, Theodore Jackson, and Eric Johnson ("**Appellants**").

**A. Appellants Have Not Been Sanctioned.**

In their Opposition, Appellants assert that they have standing to prosecute this Appeal because they were sanctioned. [*See* Opposition, pp. 11–18]. Appellants also contend that the Bankruptcy Court's imposition of "sanctions" renders the June 7, 2022 Order final and, therefore, immediately appealable. [*See id.*, pp. 18–22]. Although the Opposition is premised almost entirely on the notion that the Bankruptcy Court sanctioned them, Appellants' removal from the Committee does not constitute a sanction.

According to Appellants, the Bankruptcy Court sanctioned them when it ordered the UST to remove them from the Committee because the removal was "a penalty for an alleged protective order violation committed by one of their lawyers" and "was designed to punish them and deter others from behaving similarly." [*Id.*,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

2

p. 10]. Appellants are mistaken. As explained in the June 7, 2022 Order, the Bankruptcy Court ordered the UST to remove Appellants from the Committee in order to preserve Appellants' right to counsel of their choice—not to punish Appellants:

> Trahant's willful breach of this Court's Protective Order clearly disqualifies him from further receiving Protected Material in this case and participating in any confidential Committee proceedings, including meetings, deliberations, and mediation. To be sure, Trahant has never served as a member of the Committee; yet, as personal counsel to individual Committee members, Trahant and his team of co-counsel received confidential information from the Debtor. The Court acknowledges that individual Committee members may retain the attorney of their choosing to represent their personal interests in this chapter 11 case and have chosen Trahant and his group. This Court certainly has no intention of invading the attorney-client privilege to modulate the communications between those Committee members and their attorneys; indeed, any attempt to regulate or stop the flow of information or candor that must exist between a client and her attorney is not only a futile endeavor, but would offend a fundamental facet of effective legal representation. Thus, an impasse has been reached.

[Bankruptcy Court, ECF No. 1574, p. 4].

After concluding that one of Appellants' attorneys had willfully violated the Protective Order, the Bankruptcy Court was faced with a Hobson's choice: deprive Appellants of their right to individual counsel of their choice, or remove Appellants from the Committee. Although a litigant has a right to choose his or her counsel, a claimant does not have a right to serve on a creditors' committee. As discussed in

the Archdiocese's Motion to Dismiss, an unsecured creditor who is excluded from a committee "can protect its pecuniary interests in a variety of other ways." *In re Victory Mkts., Inc.*, 195 B.R. 9, 17 (N.D.N.Y. 1996). The Bankruptcy Code, furthermore, permits the involuntary removal of a member from a committee. Such a determination must be made on a case-by-case basis, and no hard and fast rules apply. *See* 7 Collier on Bankruptcy ¶ 1102.05[3] (16th ed. 2022) (citations omitted). Because Appellants did not have a right to serve on the Committee, and the Bankruptcy Court's June 7, 2022 Order was not designed to punish Appellants, their removal from the Committee does not constitute a sanction.

**B. Appellants Lack Standing to Prosecute this Appeal.**

Relying on the false premise that they were sanctioned, Appellants fail to address the standard for appellate standing that applies to this Appeal. To appeal a bankruptcy court order, such as the June 7, 2022 Order, Fifth Circuit precedent requires a showing that the appellant was "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385 (5th Cir. 2018) (quoting *Fortune Natural Res. Corp. v. U.S. Dep't of the Interior*, 806 F.3d 363, 366 (5th Cir. 2015)). Appellants have not identified, and cannot identify, how the June 7, 2022 Order financially harmed them. This lack of financial interest in the June 7, 2022 Order is fatal to their appellate standing.

### C. This Court Lacks Jurisdiction to Consider this Appeal.

Appellants' argument that the June 7, 2022 Order is final and, therefore, immediately appealable under 28 U.S.C. § 158(a)(1) is predicated on the same false assumption that they were sanctioned. [*See* Opposition, pp. 18–22].

In the alternative, Appellants urge this Court to "exercise its jurisdiction pursuant to 28 U.S.C. § 158(a)(3) or order Appellants to file a motion for leave pursuant to Fed. R. Bankr. P. 8004(d)" because "Appellants are uniquely aggrieved in a way that another appeal could not address." [*Id.*, pp. 22–23]. Appellants' alternative argument pre-supposes that this Court could grant Appellants some type of relief in connection with this Appeal. However, even if this Court were to reverse the June 7, 2022 Order, there is no provision in the Bankruptcy Code that permits a bankruptcy court to order a United States trustee to appoint specific members to a committee.

For the foregoing reasons, and the reasons stated in the Motion to Dismiss, the above-captioned appeal should be dismissed for lack of appellate standing and lack of subject matter jurisdiction.

[*Signature Page Follows*]

#100699334v3

| | |
|---|---|
| Dated: October 12, 2022 | Respectfully submitted, |

*/s/ Mark A. Mintz*
R. Patrick Vance (#13008)
Mark A. Mintz (#31878)
Samantha A. Oppenheim (#38364)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:　504-582-8368
Facsimile:　504-589-8368
Email:　pvance@joneswalker.com
　　　　mmintz@joneswalker.com
　　　　soppenheim@joneswalker.com

**Counsel for Appellee,
The Roman Catholic Church
of the Archdiocese of New Orleans**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all counsel of record by operation of the Court's electronic filing system on October 12, 2022.

*/s/ Mark A. Mintz*
Mark A. Mintz

#100699334v3

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 918 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the document exempted by Fed. R. App. P. 32(f); and

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: October 12, 2022

/s/ *Mark A. Mintz*
Mark A. Mintz (#31878)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone: 504-582-8368
Facsimile: 504-589-8368

**Counsel for Appellee,
The Roman Catholic Church
of the Archdiocese of New Orleans**