No. 22-30539

# In the United States Court of Appeals for the Fifth Circuit

In the Matter of Roman Catholic Church of the Archdiocese of New Orleans,

*Debtor,*

James Adams; Jackie Berthelot; Theodore Jackson; Eric Johnson,

*Appellants,*

v.

Roman Catholic Church of the Archdiocese of New Orleans,

*Appellee.*

On Appeal from the U.S. District Court for the Eastern District of Louisiana
Civil Action No. 22-1738, Section "T"(3)

**PRINCIPAL BRIEF OF APPELLEE, THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**

R. Patrick Vance (#13008)
Mark A. Mintz (#31878)
Samantha A. Oppenheim (#38364)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:  504-582-8368
Facsimile:   504-589-8368
Email:  pvance@joneswalker.com
          mmintz@joneswalker.com
          soppenheim@joneswalker.com

**Counsel for Appellee,
The Roman Catholic Church
of the Archdiocese of New Orleans**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

***Appellants, James Adams; Jackie Berthelot; Theodore Jackson; Eric Johnson***

***Counsel for Appellants***

> Soren E. Gisleson
> Herman, Herman & Katz
> 820 O'Keefe Avenue
> New Orleans, Louisiana 70113
> Tel: (504) 581-4892
> Fax: (504) 561-6024
> sgisleson@hhklawfirm.com
>
> Richard C. Trahant
> Attorney at Law
> 2908 Hessmer Avenue
> Metairie, LA 70002
> Telephone: (504) 780-9891
> Fax: (504) 780-9891
> trahant@trahantlawoffice.com
>
> John H. Denenea, Jr.
> Shearman-Denenea, L.L.C.
> 4240 Canal Street
> New Orleans, LA 70119
> Telephone: (504) 304-4582
> Fax: (504) 304-4587
> jdenenea@midcitylaw.com

ii

*Appellee, The Roman Catholic Church of the Archdiocese of New Orleans*

*Counsel for Appellee*

R. Patrick Vance (Counsel of record on appeal)
Elizabeth J. Futrell
Edward D. Wegmann
Mark A. Mintz (Counsel of record on appeal)
Laura F. Ashley
Allison B. Kingsmill
Samantha A. Oppenheim (Counsel of record on appeal)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:  504-582-8368
Facsimile:   504-589-8368

The undersigned counsel of record further certifies, pursuant to Fed. R. App. P. 26.1, that The Roman Catholic Church of the Archdiocese of New Orleans is a non-profit religious corporation incorporated under the laws of the State of Louisiana.  It has no parent corporation, and it issues no stock.  As such, no publicly held corporation owns 10% or more of its stock.

Dated: January 3, 2023    */s/ Mark A. Mintz*
_____
                                                        Mark A. Mintz

                                                        **Counsel for Appellee,**
                                                        **The Roman Catholic Church**
                                                        **of the Archdiocese of New Orleans**

#100831967v4

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, The Roman Catholic Church of the Archdiocese of New Orleans (the "**Archdiocese**," "**Debtor**," or "**Appellee**"), respectfully submits that oral argument is unnecessary to aid the Court's decisional process because the facts and legal arguments are adequately presented in the briefs.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................ iv

TABLE OF CONTENTS.................................................................. v

TABLE OF AUTHORITIES ........................................................... vii

JURISDICTIONAL STATEMENT ..................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

STATEMENT OF THE CASE..........................................................3

    A.    The Petition Date and Appointment of the Committee................................3

    B.    The Protective Order. ..........................................................3

    C.    Disclosure of Protected Material in Violation of the Protective Order. ......4

    D.    The UST Investigation. ........................................................5

    E.    The Bankruptcy Court's June 7, 2022 Order and the UST's June 7, 2022 Notice..........................................................................6

    F.    The Notices of Appeal to the District Court. ................................7

    G.    The District Court Proceedings.................................................8

SUMMARY OF THE ARGUMENT ...................................................9

STANDARD OF REVIEW ..............................................................10

ARGUMENT ..............................................................................12

    A.    Appellants Lack Standing to Prosecute this Appeal. ..................................12

        a.    The June 7, 2022 Order Did Not Have a Direct, Financial Impact on Appellants....................................................................12

        b.    The Bankruptcy Court Did Not Sanction Appellants. ....................14

    B.    This Court Lacks Jurisdiction to Consider this Appeal. ...............................16

#100831967v4

C.    This Appeal Is Constitutionally Moot. .........................................................18

D.    The Bankruptcy Court Did Not Err in Ordering the UST to Relieve Appellants from Service on the Committee. .......................................................20

    a.    Legal Standards. ......................................................................................21

    b.    Appellants' Assignments of Error Are Based on the False Premise that the Bankruptcy Court Sanctioned Appellants. ..................................................22

CONCLUSION ....................................................................................................24

CERTIFICATE OF SERVICE .............................................................................25

CERTIFICATE OF COMPLIANCE .....................................................................26

#100831967v4

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Bailey v. Southerland*, 821 F.2d 277 (5th Cir. 1987)................................18

*Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147 (D.N.J.) ................................................................................................17

*Brewer v. Texans Credit Union*, No. 17-668, 2018 U.S. Dist. LEXIS 160261 (E.D. Tex. Sept. 19, 2018) ...........................................................................19

*Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017)..............................21

*Church of Scientology v. United States*, 506 U.S. 9, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992).........................................................................................19

*Dean v. Seidel (In re Dean)*, 18 F.4th 842 (5th Cir. 2021)............................... 12, 13

*Fortune Nat. Res. Corp. v. U.S. Dep't of the Interior*, 806 F.3d 363 (5th Cir. 2015) ............................................................................................ 12, 13

*Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382 (5th Cir. 2018) 12, 13

*Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) ................................................21

*Grannis v. Ordean*, 234 U.S. 385 (1914)................................................................22

*In re Bradley*, 495 B.R. 747 (Bankr. S.D. Tex. 2013)............................................21

*In re Clark Pipe & Supply Co.*, 893 F.2d 693 (5th Cir. 1990) ...............................11

*In re DeMore*, 844 F.3d 292 (1st Cir. 2016)..........................................................11

*In re Hermosilla*, 450 B.R. 276 (Bankr. D. Mass. 2011)........................................11

*In re IDC Clambakes, Inc.*, 852 F.3d 50 (1st Cir. 2017) .......................................11

*In re JNL Funding Corp.*, 438 B.R. 356 (Bankr. E.D.N.Y. 2010) .........................20

*In re Krueger*, 812 F.3d 365 (5th Cir. 2016) ........................................................11

*In re Old Cold LLC*, 879 F.3d 376 (1st Cir. 2018) ................................................11

*In re Paige*, 365 B.R. 632 (Bankr. N.D. Tex. 2007)...............................................21

*In re Phillips*, 844 F.2d 230 (5th Cir. 1988) .............................................18

*In re Sheedy*, 801 F.3d 12 (1st Cir. 2015).............................................11

*In re Sullivan Century Plaza, I, Ltd.*, 914 F.2d 731 (5th Cir. 1990).......................18

*In re Victory Mkts., Inc.*, 195 B.R. 9 (N.D.N.Y. 1996) ............................. 14, 16, 17

*In re Watch Ltd.*, 295 F. App'x. 647 (5th Cir. 2008).................................18

*Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328 (5th Cir. 2008)...............21

*La Tierra Interiors, Inc. v. Wash. Fed. Sav. (In re Tullius)*, 500 F. App'x 286 (5th Cir. 2012).............................................................17

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282 (5th Cir. 2002) .............22

*Masters, Mates & Pilots Plans v. Lykes Bros. S.S. Co., Inc. (In re Lykes Bros. S.S. Co., Inc.)*, 200 B.R. 933 (M.D. Fla. 1996) ...........................................17

*Matter of Life Partners, Inc.*, 708 F. App'x. 831 (5th Cir. 2017)...........................18

*Mirant Ams. Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors of Enron Corp.*, No. 02-6274, 2003 WL 22327118 (S.D.N.Y. Oct. 10, 2003)........17

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) ..........................22

*Nexpoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419 (5th Cir. 2022) ..........................................11

*NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP (In re Highland Cap. Mgmt., L.P.)*, No. 21-3086, 2022 U.S. Dist. LEXIS 83142 (N.D. Tex. May 9, 2022).............................................................13

*Placid Refin. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609 (5th Cir. 1997) (per curiam) ........................................ 22, 23

*Popular Auto, Inc. v. Reyes-Colon (In re Reyes-Colon)*, 922 F.3d 13 (1st Cir. 2019) ............................................................. 10, 11

*Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205 (5th Cir. 1994) .............................................................12

#100831967v4

*S.C. of Okaloosa, Inc. v. Sunnyside Timber, LLC*, 81 F. App'x 840 (5th Cir. 2003) (per curiam) ................................................................................................18

*Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327 (10th Cir. 2009).19

*Shaw v. Ciox Health LLC*, No. 19-14778, 2021 U.S. Dist. LEXIS 213328 (E.D. La. Nov. 4, 2021) ........................................................................................21

*Thankkar v. DCT Sys. Grp., LLC (In re Bay Circle Props.)*, 955 F.3d 874 (11th Cir. 2020) ................................................................................................14

*Valley Nat'l Bank v. Warren (In re Westport Holdings Tampa, LP)*, No. 21-11767, 2022 U.S. App. LEXIS 8480 (11th Cir. Mar. 31, 2022) ......................................14

*Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663 (5th Cir. 2018) ..................... 10, 11

## Statutes

11 U.S.C. § 105(a) ........................................................................... 21, 24

11 U.S.C. § 1102(a)(4) .............................................................................20

28 U.S.C. § 1334 ......................................................................................1

28 U.S.C. § 158 .....................................................................................16

28 U.S.C. § 158(a) ...............................................................................1, 16

28 U.S.C. § 158(a)(1) ........................................................................... 10, 17

28 U.S.C. § 158(a)(3) ...............................................................................17

28 U.S.C. § 158(a)-(b) ..............................................................................10

28 U.S.C. § 158(d)(1)................................................................. 1, 9, 10, 11, 17, 18

## Rules

Fed. R. App. P. 26.1 ................................................................................ iii

Fed. R. App. P. 32(a)(5) .............................................................................26

Fed. R. App. P. 32(a)(6) .............................................................................26

Fed. R. App. P. 32(a)(7)(B) .........................................................................26

#100831967v4

Fed. R. App. P. 32(f)............................................................26

Fed. R. Bankr. P. 8001 *et seq*...........................................1

Fed. R. Bankr. P. 8003-05..................................................10

Fifth Circuit Rule 28.2.1 .................................................... ii

## **Treatises**

7 Collier on Bankruptcy ¶ 1102.05[3] (16th ed. 2022)...........................16

#100831967v4

# JURISDICTIONAL STATEMENT

The Bankruptcy Court exercised jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334.  On June 7, 2022, the Bankruptcy Court issued an order:  (a) finding that one of Appellants' attorneys knowingly and willfully violated the Protective Order, and (b) directing the United States Trustee to relieve Appellants from service on the Official Committee of Unsecured Creditors. ROA.17-21.

Appellants appealed to the District Court on June 10, 2022 pursuant to  Fed. R. Bankr. P. 8001 *et seq*. ROA.12-15.  On July 19, 2022, the Archdiocese filed a *Motion to Dismiss Appeal*, arguing that Appellants lacked appellate standing and the District Court lacked jurisdiction under 28 U.S.C. § 158(a) because Appellants failed to seek leave to appeal the interlocutory June 7, 2022 Order.  ROA.835-53.  On August 11, 2022, the District Court granted the Motion to Dismiss, holding that Appellants lacked appellate standing; the District Court did not reach the question of jurisdiction under 28 U.S.C. § 158(a).  ROA.973-77.

Appellants appealed to this Court on August 16, 2022.  ROA.979-80.  The jurisdiction of this Court, acting as a second review court, is governed by 28 U.S.C. § 158(d)(1).  As detailed below, the non-finality of the Bankruptcy Court's June 7, 2022 Order renders this Court without jurisdiction to consider this Appeal. *See infra*, Argument, Part B.  Additionally, for the reasons set forth below, Appellants lack

1

appellate standing, *see infra*, Argument, Part A, and this Appeal is constitutionally moot, *see infra*, Argument, Part C.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     Do Appellants have standing to appeal the Bankruptcy Court's June 7, 2022 Order directing the United States Trustee to relieve Appellants from service on the Official Committee of Unsecured Creditors where they have suffered no direct, financial harm?

2.     Does this Court have jurisdiction where the Bankruptcy Court's June 7, 2022 Order is an interlocutory order, and Appellants did not seek leave to appeal?

3.     Is this Appeal constitutionally moot where no meaningful relief can be granted to Appellants because no provision in the Bankruptcy Code permits a court to order a United States Trustee to appoint specific members to a creditors' committee?

4.     Did the Bankruptcy Court err by directing the United States Trustee to relieve Appellants from service on the Official Committee of Unsecured Creditors to enforce the Bankruptcy Court's own Protective Order after the United States Trustee's independent investigation revealed that one of Appellants' attorneys had knowingly and willfully violated the Protective Order?

#100831967v4

## STATEMENT OF THE CASE

### A. The Petition Date and Appointment of the Committee.

On May 1, 2020 (the "**Petition Date**"), the Archdiocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**"), commencing a chapter 11 case (the "**Chapter 11 Case**").  ROA.17, 263.

The Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") on May 20, 2020.  ROA.251. As of October 8, 2020, after being reconstituted several times, the six-member Committee was comprised solely of tort claimants alleging abuse by clergy. ROA.17, 196.  James Adams, Jackie Berthelot, Theodore Jackson, and Eric Johnson (collectively, "**Appellants**") are four of the six members who served on the Committee at that time.  ROA.17.

### B. The Protective Order.

On August 3, 2020, the Bankruptcy Court entered a Protective Order to protect highly confidential and sensitive information produced in discovery in the Chapter 11 Case.  ROA.17.[1]   The Protective Order defines "Protected Material" as

---

[1] The Bankruptcy Court subsequently amended the Protective Order at various times throughout the Chapter 11 Case to add certain parties and provisions.  ROA.17.

#100831967v4

"Discovery Material designated by a Producing Party as 'CONFIDENTIAL' or 'CONFIDENTIAL—ATTORNEYS' EYES ONLY' under this Protective Order." ROA.18.   The Protective Order provides, among other things, that Protected Material "shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than for Authorized Uses."  ROA.18.

### C. Disclosure of Protected Material in Violation of the Protective Order.

In response to discovery requests, the Debtor produced to the Committee certain highly confidential documents that were marked "CONFIDENTIAL" pursuant to the Protective Order.  In January 2022, the Debtor discovered that sensitive and highly confidential information contained in documents produced to the Committee had been wrongfully disclosed to third parties and the media in violation of the Protective Order.  ROA.18.

As a result, on January 20, 2022, the Debtor filed a sealed motion with the Bankruptcy Court entitled *Debtor's Motion for Entry of an Order: (A) Compelling the Tort Committee and/or its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order* (the "**Sealed Motion to Compel**").  ROA.18, 76.

#100831967v4

The Bankruptcy Court, in its discretion, held sealed status conferences with counsel for the Debtor and the Committee on January 27, 2022,[2] February 11, 2022,[3] March 11, 2022,[4] and April 14, 2022[5] to discuss the allegations raised in the Sealed Motion to Compel.  Counsel for the Debtor and the Committee agreed as an initial matter to issue discovery to obtain information regarding a possible breach of the Protective Order.  ROA.18.

### D. The UST Investigation.

On April 25, 2022, the Bankruptcy Court issued an Order (the "**April 25, 2022 Order**"), instructing the UST to conduct an independent investigation into allegations regarding the dissemination of highly confidential and sensitive information in violation of the Protective Order.  ROA.18, 43.  The Bankruptcy Court emphasized in the April 25, 2022 Order that it was very concerned about a potential, willful breach of the Protective Order.  ROA.18.

On June 3, 2022, the UST submitted to the Bankruptcy Court a report under seal, as ordered (the "**UST Report**").  ROA.18.  The UST Report included the following attachments:

---

[2] ROA.76.

[3] ROA.70-71.

[4] ROA.68.

[5] ROA.52.

> 78 sworn declarations; 18 transcripts of sworn examinations provided under Rule 2004 of the Federal Rules of Bankruptcy Procedure; one transcript and one summary of two unsworn telephonic interviews; and numerous documents produced to the UST pursuant to Rule 2004, including relevant telephone and text message logs, electronic transaction reports, and e-mail and letter correspondence.

ROA.19.

### E. The Bankruptcy Court's June 7, 2022 Order and the UST's June 7, 2022 Notice.

On June 7, 2022, after reviewing the UST Report and its attachments, the Bankruptcy Court entered an Order (the "**June 7, 2022 Order**"), finding, among other things, that: (i) attorney Richard C. Trahant ("**Mr. Trahant**") had read and was bound by the Protective Order; (ii) Mr. Trahant knew that he was bound by the Protective Order; and (iii) beginning on December 31, 2021, Mr. Trahant directly violated the Protective Order by providing, on multiple occasions, confidential information he received to third parties and the media. ROA.17-21. The Bankruptcy Court also found that Mr. Trahant's breach of the Protective Order was "knowing and willful" and, therefore, "clearly disqualifie[d] him from further receiving Protected Material in this case and participating in any confidential Committee proceedings, including meetings, deliberations, and mediation." ROA.19-20. Mr.

#100831967v4

Trahant serves as personal counsel to Appellants, four of the six individual claimants who served on the Committee at that time.  ROA.19.[6]

Rather than deprive Appellants of counsel of their choice, the Bankruptcy Court directed the UST to relieve the four members of the Committee represented by Mr. Trahant from service on the Committee.  ROA.20-21.  That same day, the UST filed a *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* (the "**June 7, 2022 Notice**"), thereby removing the four members who are individually represented by Mr. Trahant, and leaving on the Committee the two members who are not individually represented by Mr. Trahant.  ROA.265-79.[7]

### F.  The Notices of Appeal to the District Court.

On June 10, 2022, Appellants filed a Notice of Appeal to the U.S. District Court for the Eastern District of Louisiana (the "**District Court**") of the June 7, 2022 Order and the June 7, 2022 Notice (the "**District Court Appeal**").  ROA.12-15.  Also, on June 10, 2022, Mr. Trahant filed his own Notice of Appeal to the District Court of the June 7, 2022 Order.  ROA.433-35.[8]

---

[6] Mr. Trahant also is counsel of record to Appellants in this Court.

[7] On June 21, 2022, the UST filed another *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors*, adding three new members to the Committee.  ROA.1787-88.

[8] *See also In re Roman Catholic Church of the Archdiocese of New Orleans,* Civil Action No. 22-1740 (E.D. La.).

#100831967v4

The Committee, in turn, filed a Notice of Appeal[9] to the District Court and a Motion for Leave to Appeal[10] on June 24, 2022, challenging both the June 7, 2022 Order and the June 7, 2022 Notice.[11]

### G. The District Court Proceedings.

On July 19, 2022,  the Debtor moved to dismiss the District Court Appeal, arguing that Appellants lacked appellate standing and neglected to seek leave to appeal the interlocutory June 7, 2022 Order.  ROA.835-53.  On August 11, 2022 (the "**District Court Order**"), the District Court dismissed the District Court Appeal, holding that Appellants lacked appellate standing and did not meet the "person aggrieved" test as mandated by this Circuit.  ROA.973-77.  Appellants filed their Notice of Appeal to this Court on August 16, 2022, thereby initiating the above-captioned appeal (this "**Appeal**").  ROA.979-80.[12]

---

[9] ROA.1805-10.

[10] ROA.1831-51.

[11] On July 14, 2022, the District Court denied the Committee's Motion for Leave to Appeal on the basis that the Committee lacked appellate standing.  *See In re Roman Catholic Church of the Archdiocese of New Orleans,* Civil Action No. 22-1996 (E.D. La.), [Rec. Doc. 8].

[12] Meanwhile, on October 11, 2022, the Bankruptcy Court issued a Memorandum Opinion and Order [Bankruptcy Court, ECF No. 1844], providing a more extensive discussion of the Protective Order violation and imposing sanctions against Mr. Trahant in the form of attorneys' fees and costs.  The Bankruptcy Court's October 11, 2022 Memorandum Opinion and Order is the subject of a second appeal by Mr. Trahant pending before the District Court.  *See In re Roman Catholic Church of the Archdiocese of New Orleans*, Civil Action No. 22-4101 (E.D. La.).

8

## SUMMARY OF THE ARGUMENT

First, Appellants lack standing to appeal the Bankruptcy Court's June 7, 2022 Order. To appeal a bankruptcy court order, this Court's precedent requires a showing that the putative appellant suffered a direct, financial injury as a result of the order. Here, Appellants cannot identify how the June 7, 2022 Order directing the UST to relieve Appellants from service on the Committee financially harmed them. Appellants also do not have standing as the subject of a sanctions order because their removal from the Committee does not constitute a sanction. An unsecured creditor does not have a right to serve on a creditors' committee, and the June 7, 2022 Order was intended to preserve the attorney-client relationship, rather than to punish Appellants.

Second, this Court lacks jurisdiction to consider this Appeal under 28 U.S.C. § 158(d)(1). Although the Bankruptcy Court's June 7, 2022 Order is an interlocutory order, Appellants never sought leave to appeal. Because the District Court Order did not cure the interlocutory nature of the June 7, 2022 Order, this Court is without jurisdiction to proceed.

Third, this Appeal is constitutionally moot because no meaningful relief can be granted to Appellants. In connection with this Appeal, Appellants request that this Court reverse and vacate the June 7, 2022 Order and, in effect, that they be reappointed to the Committee. Such relief, however, is not possible. Even if this

Court were to reverse the June 7, 2022 Order, there is no provision in the Bankruptcy Code that permits a court to order a United States Trustee to appoint specific members to a committee.

Fourth, to the extent this Court reaches the merits, the Bankruptcy Court did not err by directing the UST to relieve Appellants from service on the Committee after the UST's independent investigation revealed that one of Appellants' attorneys had knowingly and willfully violated the Bankruptcy Court's Protective Order. Because Appellants' removal from the Committee does not constitute a sanction, the June 7, 2022 Order did not implicate due process considerations or require a finding of "bad faith" by clear and convincing evidence.

## STANDARD OF REVIEW

In considering bankruptcy appeals, this Court acts as a "second review court." *Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663, 668 (5th Cir. 2018) (citations omitted). A second level of bankruptcy appellate review occurs under 28 U.S.C. § 158(d)(1) from the District Court's intermediate appellate review under 28 U.S.C. § 158(a)(1). This Court's review is of the Bankruptcy Court's decision as the trial court. *See Lopez*, 897 F.3d at 668; *Popular Auto, Inc. v. Reyes-Colon (In re Reyes-Colon)*, 922 F.3d 13, 17 (1st Cir. 2019). As explained by the First Circuit:

> Title 28 U.S.C. § 158(a)-(b) provides for intermediate appeals either to the district court or to the BAP. *See also* Fed. R. Bankr. P. 8003-05. A party who loses that intermediate review may either accept the loss and return

to the bankruptcy court, with the BAP or district court ruling controlling, *see, e.g.*, *In re Hermosilla*, 450 B.R. 276, 287-88 (Bankr. D. Mass. 2011), or may appeal to this court, *see* 28 U.S.C. § 158(d)(1). In the event of an appeal to this court, however, we do not review per se the BAP or district court ruling. Rather, we "assess[] the bankruptcy court's decision directly," *In re DeMore*, 844 F.3d 292, 296 (1st Cir. 2016) (quoting *In re Sheedy*, 801 F.3d 12, 18 (1st Cir. 2015)), giving no deference to the intermediate appellate ruling, *see In re IDC Clambakes, Inc.*, 852 F.3d 50, 59 (1st Cir. 2017). In short, once a notice of appeal to this court has been filed, the operative ruling under review is the bankruptcy court ruling, with the BAP or district court ruling serving more or less like an amicus brief (albeit one that can be extremely helpful). *In re Old Cold LLC*, 879 F.3d 376, 383 n.2 (1st Cir. 2018).

*Reyes-Colon*, 922 F.3d at 17.

This Court reviews "a bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error." *Lopez*, 897 F.3d at 668. "Clear error is a formidable standard: this court disturbs factual findings only if left with a firm and definite conviction that the bankruptcy court made a mistake." *Nexpoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 434 (5th Cir. 2022) (quoting *In re Krueger*, 812 F.3d 365, 374 (5th Cir. 2016)). In applying this standard, this Court "defer[s] to the bankruptcy court's credibility determinations." *Id.* (citations omitted). For mixed questions of law and fact, the factual premises remain subject to the "clearly erroneous" standard, while the legal conclusions are subject to *de novo* review. *In re Clark Pipe & Supply Co.*, 893 F.2d 693, 697-98 (5th Cir. 1990) (citations omitted).

#100831967v4

# ARGUMENT

## A. Appellants Lack Standing to Prosecute this Appeal.

Although the District Court was certainly correct that Appellants lack standing, this Court reviews that conclusion *de novo*. *See Fortune Nat. Res. Corp. v. U.S. Dep't of the Interior*, 806 F.3d 363, 366 (5th Cir. 2015). Appellants "shoulder[ ] the burden of alleging facts sufficient to demonstrate that" they are proper parties to appeal. *Id.* (quoting *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)).

### a. The June 7, 2022 Order Did Not Have a Direct, Financial Impact on Appellants.

"[S]tanding to appeal a bankruptcy court order is, of necessity, quite limited." *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021) (quoting *Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018)). To determine whether a party has standing to appeal a bankruptcy court order, the Fifth Circuit uses the "person aggrieved" test, which "is an even more exacting standard than traditional constitutional standing." *Id.* (internal citations and quotation marks omitted). The appellant must show that she is "directly, adversely, and **financially** impacted by a bankruptcy order." *Id.* (quoting *Technicool Sys., Inc.*, 896 F.3d at 384) (emphasis added). "Such standing must be connected to the exact order being appealed as opposed to the proceedings more generally." *Id.* The Fifth Circuit has explained "that the *order* of the bankruptcy court must directly and adversely affect

12

the appellant pecuniarily." *Id.* (quoting *Fortune Nat. Res.*, 806 F.3d at 367 (emphasis in original)).

The Fifth Circuit has described the rationale for the additional standing requirement as follows:

> . . . [D]isgruntled litigants may [not] appeal every bankruptcy court order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

*NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP (In re Highland Cap. Mgmt., L.P.)*, No. 21-3086, 2022 U.S. Dist. LEXIS 83142, at *5 (N.D. Tex. May 9, 2022) (quoting *Technicool Sys., Inc.*, 896 F.3d at 385).  In effect, "bankruptcy standing requires 'a higher causal nexus between act and injury.'" *Technicool Sys., Inc.*, 896 F.3d at 385-86 (quoting *Fortune Nat. Res.*, 806 F.3d at 366).  As explained by the Fifth Circuit, "This restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it.  Thus in bankruptcy litigation, as in life, 'the more money we come across, the more problems we see.'" *Id.* at 386 (internal citations omitted).

Here, Appellants have not identified, and cannot identify, how the June 7, 2022 Order financially harmed them.  Appellants did not have a right to serve on the Committee, as an unsecured creditor who is excluded from a creditors' committee

#100831967v4

"can protect its pecuniary interests in a variety of other ways." *See In re Victory Mkts., Inc.*, 195 B.R. 9, 17 (N.D.N.Y. 1996).  Nothing in the June 7, 2022 Order impaired Appellants' status as creditors or affected their unsecured claims.  This lack of financial interest in the June 7, 2022 Order is fatal to their appellate standing.  *See id.* at 17-18 (dismissing appeal of bankruptcy court order excluding unsecured creditor from committee for lack of standing).

A party "may not meet the 'person aggrieved' doctrine simply by virtue of attacking the inherent fairness of the bankruptcy proceedings." *Valley Nat'l Bank v. Warren (In re Westport Holdings Tampa, LP)*, No. 21-11767, 2022 U.S. App. LEXIS 8480, at *11 (11th Cir. Mar. 31, 2022) (citing *Thankkar v. DCT Sys. Grp., LLC (In re Bay Circle Props.)*, 955 F.3d 874, 880 (11th Cir. 2020)).  On the contrary, a party must "show a direct harm **and** hold an interest within the scope of the Bankruptcy Code." *Bay Circle Props.*, 955 F.3d at 880 (emphasis added).  Appellants have shown neither.

### b. The Bankruptcy Court Did Not Sanction Appellants.

Appellants also do not have standing to appeal because their removal from the Committee does not constitute a sanction.  According to Appellants, the Bankruptcy Court sanctioned them when it ordered the UST to remove them from the Committee because the Bankruptcy Court intended "to punish their lawyer for an alleged

#100831967v4

protective order violation" and "meant to punish their lawyer by punishing them." Brief, Doc 00516552257, p. 44.

Appellants are mistaken.  As the District Court correctly found in dismissing the District Court Appeal, "the former Committee members have not been sanctioned."  ROA.976.  Indeed, as explained in the June 7, 2022 Order, the Bankruptcy Court ordered the UST to relieve Appellants from service on the Committee in order to preserve Appellants' right to counsel of their choice—**not** to punish Appellants:

> Trahant's willful breach of this Court's Protective Order clearly disqualifies him from further receiving Protected Material in this case and participating in any confidential Committee proceedings, including meetings, deliberations, and mediation. To be sure, Trahant has never served as a member of the Committee; yet, as personal counsel to individual Committee members, Trahant and his team of co-counsel received confidential information from the Debtor. The Court acknowledges that individual Committee members may retain the attorney of their choosing to represent their personal interests in this chapter 11 case and have chosen Trahant and his group. This Court certainly has no intention of invading the attorney-client privilege to modulate the communications between those Committee members and their attorneys; indeed, any attempt to regulate or stop the flow of information or candor that must exist between a client and her attorney is not only a futile endeavor, but would offend a fundamental facet of effective legal representation. Thus, an impasse has been reached.

ROA.20.

After concluding that one of Appellants' attorneys had willfully violated the Protective Order, the Bankruptcy Court was faced with a Hobson's choice: deprive Appellants of their right to individual counsel of their choice, or remove Appellants from the Committee. Although a litigant has a right to choose his or her counsel, a claimant does not have a right to serve on a creditors' committee. As discussed above, an unsecured creditor who is excluded from a committee "can protect its pecuniary interests in a variety of other ways." *In re Victory Mkts.*, 195 B.R. at 17. The Bankruptcy Code, furthermore, permits the involuntary removal of a member from a committee. Such a determination must be made on a case-by-case basis, and no hard and fast rules apply. *See* 7 Collier on Bankruptcy ¶ 1102.05[3] (16th ed. 2022) (citations omitted). Because Appellants did not have a right to serve on the Committee, and the Bankruptcy Court's June 7, 2022 Order was not designed to punish Appellants, their removal from the Committee does not constitute a sanction.

Accordingly, Appellants lack standing to prosecute this Appeal.

**B. This Court Lacks Jurisdiction to Consider this Appeal.**

Appeals from bankruptcy court orders are governed by 28 U.S.C. § 158. Under § 158(a), district courts "have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from [certain] interlocutory orders and decrees issued under section 1121(d) of title 11 . . . ; and (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a).

#100831967v4

> Courts of appeals, however, have jurisdiction over appeals from a district court's final decisions only. Although it is the finality of the district court's order that ultimately determines our jurisdiction, in this case, we must consider the finality of the underlying bankruptcy court orders at issue. This is because a district court's decision generally will be final under § 158(d)(1) only when the bankruptcy court's order was similarly final under § 158(a)(1).

*La Tierra Interiors, Inc. v. Wash. Fed. Sav. (In re Tullius)*, 500 F. App'x 286, 288 (5th Cir. 2012) (internal citations omitted).

Although the Bankruptcy Court's June 7, 2022 Order is an interlocutory order, Appellants did not seek leave to file an appeal. As the Committee conceded in seeking leave to file its own appeal:

> The relatively few courts that have considered appeals of orders reconstituting official committees have all concluded that the reconstitution orders are interlocutory. *E.g.*, *Mirant Ams. Energy Mktg., L.P. v. The Official Comm. of Unsecured Creditors of Enron Corp.*, Civ. Act. No. 02-civ-6274 (GBD), 2003 WL 22327118, at *2 (S.D.N.Y. Oct. 10, 2003); *Masters, Mates & Pilots Plans v. Lykes Bros. S.S. Co., Inc. (In re Lykes Bros. S.S. Co., Inc.)*, 200 B.R. 933, 937-38 (M.D. Fla. 1996); *In re Victory Mkts., Inc.*, 195 B.R. 9, 12-13 (N.D.N.Y. 1996). As such, a party wishing to appeal such an order (which is not appealable as of right) must obtain leave of court. 28 U.S.C. § 158(a)(3); *see also Baron & Budd*, 321 B.R. at 156.

*The Official Committee of Unsecured Creditors' Memorandum in Support of its Motion for Leave to Appeal*, at ¶ 11, ROA.1839. The June 7, 2022 Order also is not immediately appealable on the basis that it imposes sanctions because, as discussed

17

above, Appellants' removal from the Committee does not constitute a sanction. *See supra*, Argument, Part A(b).

Here, Appellants never sought leave to appeal the June 7, 2022 Order. Because that order was interlocutory, the District Court Order is also interlocutory. Notwithstanding the apparent finality of the District Court Order, the non-finality of the Bankruptcy Court's June 7, 2022 Order renders this Court without jurisdiction to consider this Appeal. *E.g. In re Phillips*, 844 F.2d 230, 234 (5th Cir. 1988). The District Court's dismissal of the District Court Appeal did nothing to "cure" the interlocutory nature of the Bankruptcy Court's June 7, 2022 Order. *See S.C. of Okaloosa, Inc. v. Sunnyside Timber, LLC*, 81 F. App'x 840 (5th Cir. 2003) (per curiam). Therefore, this Court lacks jurisdiction over this Appeal.

**C. This Appeal Is Constitutionally Moot.**

If not dismissed for lack of appellate standing or lack of jurisdiction under 28 U.S.C. § 158(d)(1), this Appeal must be dismissed because it is constitutionally moot.

> "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). An appeal is properly dismissed as moot when an appellate court lacks the power to provide an effective remedy for an appellant, even if the court were to find in the appellant's favor on the merits. *In re Watch Ltd.*, 295 F. App'x. 647, 650 (5th Cir. 2008) (citing *In re Sullivan Century Plaza, I, Ltd.*, 914 F.2d 731, 735 (5th Cir. 1990)); *see also Matter of Life Partners, Inc.*, 708 F.

18

> App'x. 831, 835 (5th Cir. 2017) (quoting *Church of
> Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct.
> 447, 121 L. Ed. 2d 313 (1992) ("[I]f an event occurs while
> a case is pending on appeal that makes it impossible for
> the court to grant 'any effectual relief whatever' to a
> prevailing party, the appeal must be dismissed.").

*Brewer v. Texans Credit Union*, No. 17-668, 2018 U.S. Dist. LEXIS 160261, at *4-5 (E.D. Tex. Sept. 19, 2018); *see also Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327, 1330 (10th Cir. 2009) ("[A]n appeal of a bankruptcy court's decision will only be constitutionally moot if the appellee demonstrates that a court could order no meaningful relief to the party seeking reversal of the bankruptcy court's decision.").

In connection with this Appeal, Appellants challenge the Bankruptcy Court's June 7, 2022 Order directing the UST to relieve them from service on the Committee. Specifically, Appellants request that this Court reverse and vacate the June 7, 2022 Order and either (a) order the UST to reinstate Appellants on the Committee, or (b) instruct the Bankruptcy Court to provide an opportunity for any interested party to move to exclude Appellants from serving on the Committee. Brief, Doc 00516552257, p. 25. In either case, Appellants request that they be reappointed to the Committee, but such relief is not possible. Indeed, even if this Court were to reverse the June 7, 2022 Order, there is no provision in the Bankruptcy Code that permits a court to order a United States Trustee to appoint specific members to a committee.

Section 1102(a)(4) of the Bankruptcy Code permits a bankruptcy court to order a United States Trustee "to change the membership of a committee" if necessary to ensure adequate representation of the committee's constituency. 11 U.S.C. § 1102(a)(4). It does not, however, permit a bankruptcy court to determine which particular creditors a United States Trustee is to select for such membership. A United States Trustee is "given both statutory direction and discretion as to who should populate the committee." *In re JNL Funding Corp.*, 438 B.R. 356, 361 (Bankr. E.D.N.Y. 2010). The court's role in the choice of creditors to serve is "expressly limited." *Id.*

A request that this Court or the Bankruptcy Court order the UST to reconstitute the Committee by reappointing Appellants exceeds the judicial scope of authority under § 1102(a)(4) and infringes the UST's exercise of its administrative functions. Because no meaningful relief can be granted to Appellants, this Appeal is constitutionally moot and must be dismissed.

### D. The Bankruptcy Court Did Not Err in Ordering the UST to Relieve Appellants from Service on the Committee.

If this Court reaches the merits of this Appeal, Appellants are not entitled to a finding that the Bankruptcy Court erred in ordering the UST to relieve Appellants from service on the Committee.

#100831967v4

### a. Legal Standards.

The Bankruptcy Court has a statutory grant of authority under § 105(a) of the Bankruptcy Code "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to § 105(a), a bankruptcy court is not precluded "from, sua sponte, taking any action or making any determination necessary or appropriate **to enforce or implement court orders** or rules, **or to prevent an abuse of process**." *Id.* (emphasis added).

Additionally, "[f]ederal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted). "The Fifth Circuit has held that the imposition of sanctions using § 105 as well as the inherent power of the Court must be accompanied by a specific finding of bad faith." *In re Bradley*, 495 B.R. 747, 793 (Bankr. S.D. Tex. 2013) (citing *Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir. 2008); *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999); *In re Paige*, 365 B.R. 632, 638 (Bankr. N.D. Tex. 2007)). "Sanctions are proper where clear and convincing evidence indicates '(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.'" *Shaw v. Ciox Health LLC*, No.

21

19-14778, 2021 U.S. Dist. LEXIS 213328, at *7 (E.D. La. Nov. 4, 2021) (quoting

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002)).

"The fundamental requisite of due process of law is the opportunity to be heard." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)).  A party is not denied due process if he receives "the constitutionally required notice and an opportunity to be heard before being sanctioned." *See Placid Refin. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609, 613-14 (5th Cir. 1997) (per curiam).

### b. Appellants' Assignments of Error Are Based on the False Premise that the Bankruptcy Court Sanctioned Appellants.

Appellants' assignments of error can be summarized as follows: (1) the Bankruptcy Court erred by failing to provide Appellants with notice and a hearing; (2) the Bankruptcy Court abused its discretion by failing to issue a finding of "bad faith" by clear and convincing evidence with adequate factual findings; and (3) the Bankruptcy Court abused its discretion by imputing Mr. Trahant's misconduct to Appellants.  Brief, Doc 00516552257, p. 13.  The foregoing contentions are predicated on the notion that the June 7, 2022 Order imposed sanctions, but as detailed above, Appellants' removal from the Committee does not constitute a sanction. *See supra*, Argument, Part A(b).

Appellants argue that the Bankruptcy Court violated their rights to due process by sanctioning them for an alleged Protective Order violation without providing

notice and a hearing.  Brief, Doc 00516552257, p. 44.  However, the June 7, 2022

Order did not implicate due process considerations because it did not impose a

sanction.  *See Placid Refin.*, 108 F.3d at 613-14 (observing that a party is not denied

due process if he receives "the constitutionally required notice and an opportunity to

be heard **before being sanctioned**") (emphasis added).[13]

Appellants' contentions that the Bankruptcy Court abused its discretion by

failing to issue a finding of "bad faith" by clear and convincing evidence and by

imputing Mr. Trahant's misconduct to Appellants are predicated on the same

misguided notion that their removal constitutes a sanction.  Because Appellants were

---

[13] Although not constitutionally required for the reasons discussed above, Appellants had notice that they or their attorneys were potential targets of an investigation seeking to determine who violated the Protective Order, and they participated in the UST's investigation.

- On January 20, 2022, the Debtor filed the Sealed Motion to Compel.  ROA.18, 76. Although it was sealed at that time, the title of the Sealed Motion to Compel put Appellants on notice that the Debtor alleged a violation of the Protective Order and sought to compel the Committee and/or its counsel to answer questions.

- On February 22, 2022, a *Motion to Participate in Discovery* was filed under seal on behalf of the Committee members and their individual attorneys.  ROA.50, 66.  Accordingly, as of February 22, 2022 at the latest, Appellants had notice that they or their attorneys were potential targets of the Sealed Motion to Compel.

- The Bankruptcy Court's April 25, 2022 Order directing the UST to conduct an independent investigation further put Appellants on notice that the Bankruptcy Court was very concerned about a potential, willful breach of the Protective Order.  ROA.18, 43.

- The Debtor withdrew the Sealed Motion to Compel the following day—not because the investigation of the Protective Order violation was complete, but rather, because the UST had taken over the investigation.  ROA.42.

- Additionally, as Appellants concede in their Brief, they participated in the UST's investigation by testifying under oath.  Brief, Doc 00516552257, p. 17.

23

not sanctioned, the Bankruptcy Court was not required to make a finding of "bad faith" by clear and convincing evidence, nor was it required to impute such finding to Appellants.[14]

Ultimately, the Bankruptcy Court appropriately exercised its discretion under § 105(a) of the Bankruptcy Code to enforce its own Protective Order in a well-reasoned decision following the UST's independent investigation. Because the Bankruptcy Court did not sanction Appellants, the June 7, 2022 Order did not implicate due process considerations or require a finding of "bad faith" by clear and convincing evidence.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the above-captioned appeal or, in the alternative, affirm the June 7, 2022 Order.

---

[14] Even though a finding of "bad faith" by clear and convincing evidence was not required because Appellants were not sanctioned, the June 7, 2022 Order did include a finding that *Mr. Trahant* knowingly and willfully violated the Protective Order. *See* ROA.19 ("The Court finds, based on its review of Trahant's testimony, that his disclosures and violation of the Protective Order was **knowing and willful**.") (emphasis added).

24

Dated: January 3, 2023   Respectfully submitted,

        */s/ Mark A. Mintz*
        R. Patrick Vance (#13008)
        Mark A. Mintz (#31878)
        Samantha A. Oppenheim (#38364)
        JONES WALKER LLP
        201 St. Charles Avenue, Suite 5100
        New Orleans, LA 70170
        Telephone:  504-582-8368
        Facsimile:  504-589-8368
        Email:  pvance@joneswalker.com
          mmintz@joneswalker.com
          soppenheim@joneswalker.com

        **Counsel for Appellee,**
        **The Roman Catholic Church**
        **of the Archdiocese of New Orleans**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief has been served on all counsel of record by operation of the Court's electronic filing system on January 3, 2023.

        */s/ Mark A. Mintz*
        Mark A. Mintz

#100831967v4

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5,754 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: January 3, 2023          */s/ Mark A. Mintz*
_____
Mark A. Mintz

**Counsel for Appellee,**
**The Roman Catholic Church**
**of the Archdiocese of New Orleans**

#100831967v4